UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| US REALTY HOLDINGS, LLC other UNITED COMMUNITIES BANK, NA; other FIRST MERCHANTS BANK, NA; as Assignee of First Merchants Bank, NA, successor to United Communities Bank, NA, <br><br> Plaintiff, <br><br> vs. <br><br> ROSE CITY SHELL, LLC, THOMAS A. DICKMAN, and MICHAEL J. DICKMAN, <br><br> Defendants. | No. 1:14-mc-00067-TWP-TAB |

**ORDER ON PLAINTIFF'S SUPPLEMENTAL STATEMENT
ON ITS PETITION TO REGISTER JUDGMENT**

Pending before the Court is Plaintiff's supplemental statement on its petition to register judgment. Plaintiff seeks to register a state court judgment from Wayne Superior Court. Defendants filed no objection. Even though federal courts are of limited jurisdiction, Plaintiff asserts that its state court judgment falls under the federal court's purview. In light of recent precedent, the Court agrees and grants Plaintiff's petition to register judgment [Filing No. 1].

Plaintiff seeks to register its state court judgment under 28 U.S.C. § 1963, which provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal.

28 U.S.C. § 1963. While a number of district courts have held that § 1963 bars federal courts from enforcing state court judgments—*see, e.g.*, *Dearborn S. Bldg. Associates, LLC v. D&T*

1

*Land Holdings, LLC*, No. 1:07-cv-1056, 2008 WL 2397660 (W.D. Mich. June 9, 2008); *Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.* 31 F.Supp.2d 705 (E.D. Ky. 2006)— *GE Betz Inc. v. Zee Co.*, 718 F.3d 615 (7th Cir. 2013), authorizes federal courts to enforce state court judgments.

In *GE Betz*, an interested third party sought to remove a case to federal court that already had an entered state court judgment. In analyzing whether the federal court had subject matter jurisdiction over the state court judgment, the Seventh Circuit found that § 1963's language was too ambiguous to exclude state court judgments as both state and federal courts use the terms district court and court of appeals. *GE Betz* reasoned that if Congress intended to exclude state court judgments, the statute would expressly include such language. As the statue presently reads, however, no language prohibits a state court judgment that meets the other requirements for federal jurisdiction from being enforced by a federal court. *GE Betz,* 718 F.3d at 624. To be enforced, state court judgments must satisfy diversity of citizenship, the amount in controversy under 28 U.S.C. § 1332, and the requirements of 28 U.S.C. § 1963. For removed actions, the forum defendant rule under 28 U.S.C. § 1441(b) and the independent proceeding requirement of 28 U.S.C. § 1441(a) must also be satisfied. *Id.*

Plaintiff seeks to register its state court judgment without satisfying the § 1441 requirements because § 1441 only applies to defendants seeking to remove a case to federal court. Instead, Plaintiff argues that it need only show that the state court judgment is final under § 1963 and that the judgment satisfies the diversity requirements set forth under § 1332.

In the Court's previous order, it questioned whether a state court judgment meeting the minimal diversity requirements under § 1332 could be enforced under § 1963 or whether Plaintiff needed to show that an independent proceeding exists so as to avoid opening the


floodgates to new litigation. [Filing No. 4.] *See* *Euro-American Coal Trading, Inc v. James Taylor Mining, Inc.*, 431 F.Supp.2d 705, 709 (E.D. Ky. May 4, 2006) (barring the enforcement of a state court judgment in federal court as it would result in an "unwarranted intrusion into the jurisdiction of state courts, and would unnecessarily flood the federal dockets with the enforcement of every state court judgment that met the minimum jurisdictional requirements."). However, as Plaintiff emphasized, the independent proceeding requirement set forth in *GE Betz* is strictly for removal under § 1441. Requiring Plaintiff to assert an independent proceeding before the federal court registers a state court judgment would add words to the text of § 1963, which *GE Betz* specifically prohibits. *GE Betz,* 718 F.3d at 625 ("A court has no right, in the guise of construction of an act, to either add words to or eliminate words from the language used by congress."). Likewise, *GE Betz* expressly notes that § 1963 does not bar federal courts from enforcing state court judgments if they meet the other requirements for federal jurisdiction.

In the instant case, Plaintiff's petition to register state court judgment meets the requirements for federal jurisdiction. The amount in controversy exceeds the $75,000 threshold, totaling $891,081.01 without post-judgment interest. Plaintiff's sole member of its limited liability corporation is a citizen of Florida. Defendant Rose City Shell is a limited liability corporation whose sole member, Thomas A. Dickman, is a citizen of Indiana, and Defendant Michael J. Dickman is a citizen of Georgia. Thus, diversity exists. Moreover, the deadline to appeal Plaintiff's judgment expired June 16, 2012, and Defendants filed no appeal. [Filing No. 1, at ECF p. 1, 2, 4.] For the purposes of § 1963, Plaintiff's judgment is final.

This Court is bound by *GE Betz* to enforce state court judgments that meet federal jurisdictional requirements. This Court's duty is to follow *GE Betz's* binding precedent, not to question its wisdom. Plaintiff's judgment satisfies the requirements set forth in 28 U.S.C. § 1332

and 28 U.S.C. §1963.  Thus, the Court grants Plaintiff's petition to register its state judgment [Filing No. 1] and directs the Clerk to register the judgment pursuant to 28 U.S.C. § 1963.

Under a separate cause number, Defendant Thomas Dickman recently filed a notice of removal under 28 U.S.C. § 1441(c) for two outstanding IRAs that fall under ERISA, which Plaintiff seeks to garnish in this case.  *See* Notice of Removal, US Realty Holdings, LLC v. Rose City Shell, LLC*,* No. 1:14-cv-01621-TWP-TAB (S.D. Ind. Oct. 3, 2014), Filing No. 1.  In light of this order and Defendant's notice of removal, the undersigned sets a **pretrial conference for both of these cases on October 29, 2014, at 4 p.m.** in Room 234, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana.  The purpose of this conference is to discuss case management, including possible consolidation of these two cases, as well as settlement.  Represented parties shall attend the pretrial conference by counsel.  Any unrepresented individuals shall appear in person.  Leave to appear by telephone will be freely granted to counsel and parties outside the Indianapolis Division upon request by calling the undersigned's staff at 317-229-3660.  Counsel and unrepresented parties within the Indianapolis Division must appear in person.  Parties represented by counsel may attend at their option.

Date:  10/16/2014

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Ronald Lloyd Cross
BOSTON BEVER KLINGE CROSS & CHIDESTER
ronc@bbkcc.com

Kevin Nicholas Tharp
RILEY BENNETT & EGLOFF LLP
ktharp@rbelaw.com


Distribution via U.S. Mail:

Michael J. Dickman
3521 Lone Indian Way
Marietta, GA  30066-1758